```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 17-24057-CV-ALTONAGA
                    MAGISTRATE JUDGE P.A. WHITE
```

TAVARES CALLOWAY,

    Petitioner,

v.                                     REPORT OF
                                       MAGISTRATE JUDGE

JULIE JONES,

    Respondent.

_____/

## INTRODUCTION

    This matter is before the Court on the *pro se* movant's motion requesting appointment of counsel in lieu of filing a petition for writ of habeas corpus. He seeks appointment pursuant to Lugo v. State, 750 F.3d 1198, 1213 (11th Cir. 2014).

    This case has now been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and the Rules Governing Section 2254 Proceedings in the United States District Courts.

## DISCUSSION

    As noted by the petitioner, indigent **state capital inmates** are entitled to the appointment of federally funded counsel to assist them in the preparation of a § 2254 habeas petition. See Lugo v. State, 750 F.3d 1198, 1213 (11th Cir. 2014). Here, the movant alleges that he is a state prisoner who has had his conviction affirmed and his death sentence vacated and remanded for resentencing. He is currently awaiting re-sentencing. He asks for the appointment of federally funded counsel to assist him in the filing of a §2254 petition. The petitioner concedes that he has not

yet been resentenced. He "fears he will be unable to obtain adequate legal representation in state court, therefore federal assistance is needed to navigate the legal terrains of a twenty year old case still ripe for review."

As of the date of the filing of this motion, the petitioner has not been resentenced. He is not a state capital inmate and his resentencing may in fact result in something other than a capital sentence. Thus, although the petitioner would be entitled to the appointment of counsel if he were sentenced to death after resentencing, his motion is premature until his sentence is established.

If upon resentencing the petitioner is subject to a capital sentence he may return to this court seeking appointment of counsel.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining the meaning of

this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

It is therefore recommended that this motion to appoint counsel be denied. The denial is without prejudice to the filing of a motion after sentencing, should the death sentence be reimposed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 6th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Tavares D. Calloway
    170144334
    Miami-Dade County-PDC
    Pretrial Detention Center
    Inmate Mail/Parcels
    1321 NW 13th Street
    Miami, FL 33125
    PRO SE

    Noticing 2254 SAG Miami-Dade/Monroe
    Email: CrimAppMIA@MyFloridaLegal.com